JOURNAL ENTRY and OPINION
{¶ 1} Appellant appeals the trial court's decision granting permanent custody of her five children to the Cuyahoga County Department of Children and Family Services ("CCDCFS"). For the following reasons, we affirm the decision of the trial court.
 {¶ 2} In May 2001, four of appellant's five children were removed from her care when appellant tested positive for marijuana. At the time they were removed, appellant was pregnant with her fifth child and living with her mother in violation of the lease requirements. Appellant was originally referred to CCDCFS in 1999 because of parenting issues, including being overwhelmed with caring for two children.
 {¶ 3} With the goal of reunification, CCDCFS instituted a case plan, which included substance abuse training, anger management, establishing housing, establishing paternity, parent education, obtaining employment, and an assessment of appellant's emotional and psychological well-being. Although appellant completed her second substance abuse program and subsequently tested negative for substance abuse, she was discharged from the first program due to lack of attendance and she did not attend her 12-step program on a consistent basis. The anger management was part of appellant's original case plan because there were concerns about her behavior; however, it was later removed as a requirement. Appellant did obtain housing through CMHA, but it was a long process because she missed numerous appointments and interviews arranged for her by CCDCFS to assist her in finding housing.
 {¶ 4} All five of appellant's children have different biological fathers — none of which have established paternity. Despite appellant attending and completing the parent education classes, she was deemed to have low motivation in the classes and there was no real improvement noticed in her parenting skills. For instance, appellant informed CCDCFS that she did not plan to continue the children's counseling after they are reunited with her and that she was not interested in allowing a counselor into her home to assist the children. In addition, appellant transported her children without car seats or seatbelts and, despite being told that driving without these things was a violation of the law, appellant failed to get car seats for at least a month. Appellant also demonstrated a lack of parental judgment when she allowed her children to watch a horror movie, which adversely affected her second oldest child. Appellant did obtain part-time employment as a cleaning assistant. With respect to appellant's emotional and psychological assessment, appellant appeared disinterested and tended to minimize the problems. For instance, appellant had no real reaction to the fact that her fifth child would be taken into CCDCFS' custody upon being born. When appellant was observed interacting with her children, she sat in a chair the majority of the time and let her mother discipline and play with the children. After unsupervised overnight visits with appellant, the children were wound up and the oldest child was observed in school incorporating sexual talk and unusual behavior for a five-year-old. However, there was no evidence that appellant or her boyfriend sexually molested or assaulted any of the children.
 {¶ 5} The children all demonstrated a love for their mother; however, the bond between the children and their foster parents was quite strong and the children appeared to thrive with their foster parents. All of the children called the foster parents "mom" and "dad" and the oldest child expressed her desire to stay with the foster parents. Because appellant did not complete her case plan requirements and appellant's lack of motivation and effort toward her children, CCDCFS filed a motion to modify temporary custody to permanent custody. The trial court, after hearing all the evidence, granted CCDCFS permanent custody of appellant's five children. It is this decision that appellant now appeals.
 1. I. {¶ 6} Appellant contends in her first assignment of error that the trial court erred in granting permanent custody to CCDCFS because none of the circumstances set forth in R.C.2151.414(E) were proven by clear and convincing evidence and that the judgment is against the manifest weight of the evidence. Appellant's contention, however, is without merit.
 {¶ 7} R.C. 2151.414 provides in pertinent part:
 {¶ 8} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 9} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 10} "(b) The child is abandoned.
 {¶ 11} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 12} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
 {¶ 13} "For the purposes of division (B)(1) of this section, a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home."
 {¶ 14} Here, the evidence at trial demonstrated that the children have been in the temporary custody of CCDCFS for 28 months at the time of trial, which supports the court's finding, pursuant to R.C. 2151.414(B)(1)(d), that the children have been in the temporary custody of CCDCFS for "twelve or more months of a consecutive twenty-two month period." This court held in Inre: C.N., Cuyahoga App. No. 81813, 2003-Ohio-2048, ¶ 22, that when a child is in the temporary custody of a children services agency for 12 months of a consecutive 22-month period, the court no longer needs to determine whether the child can be placed with either parent within a reasonable time. "When this factor exists, * * * it obviates a determination required by R.C. 2151.414(E) of whether the parent has remedied the conditions which caused the removal of the children." In re: C.N., 2003-Ohio-2048, at ¶ 22. Thus, despite appellant's argument to the contrary, the trial court did not err when it bypassed a determination under R.C.2151.414(E) as to whether appellant remedied the conditions which caused her five children to be removed.
 {¶ 15} The trial court's second inquiry, if one of the factors in R.C. 2151.414(B)(1)(a)-(d) applies, is that it must determine by clear and convincing evidence that permanent custody is in the best interest of the child by considering all relevant factors, including those listed in R.C. 2151.414(D). Those factors include:
 {¶ 16} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 17} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 18} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 19} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 20} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child." R.C. 2151.414(D).
 {¶ 21} Here, the trial court considered evidence, pursuant to R.C. 2151.414(D)(1), that the children loved their mother, but they also loved their foster parents and referred to them as "mom" and "dad." Appellant's interaction with her children was minimal, as appellant's mother interacted with the children more. The evidence demonstrated that the children's relationship with their foster parents was strong, there were no complaints with the foster parents' care of the children, and the foster parents indicated their desire to adopt the children. The trial court also considered, pursuant to R.C. 2151.414(D)(2), appellant's oldest child's desire to stay with her foster parents.
 {¶ 22} It was conclusively established that appellant's children were in CCDCFS' custody for 28 months at the time of trial, pursuant to R.C. 2151.414(D)(3). The trial court, pursuant to R.C. 2151.414(D)(4), also found that the children were in need of a legally secure placement, which could not be achieved without a grant of permanent custody to CCDCFS, as opined by the social worker and the children's guardian ad litem because of appellant's lack of motivation and effort, as well as her failure to benefit from the programs instituted by her case plan. Because the trial court adhered to the statutory requirements of R.C.2151.414(B) and (D), and found by clear and convincing evidence that permanent custody was in the best interest of the children, it cannot be said that the trial court clearly lost its way by granting permanent custody of appellant's five children to CCDCFS. Thus, appellant's first assignment of error is overruled.
 1. II. {¶ 23} Appellant maintains in her second assignment of error that the guardian ad litem failed in her duty to make an independent investigation and failed to ask the court to do that which is in the children's best interest. In particular, appellant argues that the guardian ad litem failed to do her job and created a conflict of interest when she recommended that the children be placed in permanent custody of CCDCFS. This argument, however, lacks merit.
 {¶ 24} Here, appellant insists that the children's guardian ad litem was not warranted to make any recommendation because she failed to visit the foster parents' home, failed to speak with the children on a consistent basis, failed to report the children's love of appellant to the court, and failed to file a report with the court.[1] Yet, Juv.R. 4(C)(2) provides as follows:
 {¶ 25} "If a person is serving as guardian ad litem and as attorney for a ward and either that person or the court finds a conflict between the responsibilities of the role of attorney and that of guardian ad litem, the court shall appoint another person as guardian ad litem for the ward."
 {¶ 26} At no time prior to trial or during trial did appellant object to the guardian ad litem's job performance or raise an issue that a conflict existed. Likewise, appellant never moved for an appointment of separate individuals to serve as guardian ad litem and counsel for the children. Failure to raise these issues at the trial court below waives these issues on appeal. In the Matter of Coyne (Apr. 29, 1999), Cuyahoga App. Nos. 73798 73799. There has also been no finding by the trial court that a conflict existed when the children's guardian ad litem recommended that permanent custody of the children be granted to CCDCFS. While appellant may assert that the guardian ad litem did not fulfill her duties, without more, there is no evidence that a conflict existed so as to render the guardian ad litem's recommendation of permanent custody null and void. Thus, appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court — Juvenile Court Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., and Rocco, J., Concur.
[1] It should be noted that the guardian ad litem did file her report with the trial court as it is part of the record, which was supplemented on June 25, 2004.